UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RONALD SATISH EMRIT      :
                         :
       v.                :     C.A. No. 13-179ML
                         :
AMERICAN SOCIETY OF      :
COMPOSERS, AUTHORS       :
AND PUBLISHERS, et al.   :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for report and recommendation (28 U.S.C. § 636(b)(1)(B)) are Defendant American Society of Composers, Authors and Publishers' ("ASCAP") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction (Document No. 15) and Defendant Tunecore, Inc.'s Motion to Dismiss or, alternatively, for a More Definite Statement. (Document No. 17). Plaintiff opposes the Motions. (Document No. 23).

### Background

On March 19, 2013, Plaintiff filed a pro se action seeking $6,000,000.00 in damages "associated with common law/civil fraud committed by Defendants" and "for an accounting of the profits, in addition to a violation of copyright and contract law consistent with the Sonny Bono Copyright Term Extension Act, the Digital Millenim [sic] Copyright Act, and the Audio Home Recording Act." (Document Nos. 1 at pp. 4-5 and 1-1 at p. 2). He alleges generally that Defendants never compensated him for playing his music on various outlets. Id.

### Discussion

ASCAP moves that Plaintiff's pro se Complaint be dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because there is no federal question

involved in this matter, and complete diversity does not exist between the parties. ASCAP also contends that Plaintiff has not sufficiently alleged the grounds for this Court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1). Tunecore also moves for dismissal on similar grounds. Additionally, Tunecore argues that Plaintiff's Complaint should be dismissed because it fails to state a legally cognizable claim for relief against Tunecore, or, alternatively, that Plaintiff should be ordered to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e) because the present Complaint is so vague and ambiguous that Tunecore cannot reasonably prepare a response.

After reviewing Defendants' arguments for dismissal and liberally construing Plaintiff's pro se Complaint, see Haines v. Kerner, 404 U.S. 519, 520-521 (1972), I recommend that Plaintiff's Complaint be dismissed without prejudice and with leave to amend for the following reasons. First, Plaintiff's Complaint is poorly organized, making it difficult to determine exactly what claims Plaintiff is making against which Defendants. He initially describes his case as asserting common law and/or civil fraud claims but later references alleged violations of copyright and contract law and three federal acts related to copyright. Under Rule 10(b), Fed. R. Civ. P, a party must state his claims in numbered paragraphs or counts, "each limited as far as practicable to a single set of circumstances." Rule 10(b) also provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence...must be stated in a separate count...." Plaintiff's Complaint does not comply with Rule 10(b). Furthermore, Plaintiff's Complaint does not, as required by Rule 8(a)(1), contain a short and plain statement of the grounds for this Court's federal subject matter jurisdiction. Finally, Plaintiff sues three distinct business entities as Defendants but does not allege any interconnection or business relationship between them that might warrant joinder of them as Defendants in a single case. Under Rule 20(a)(2), Fed. R. Civ. P., persons or entities may be joined in one case as defendants if:

    (A)    any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    (B)    any question of law or fact common to all defendants will arise in the action.

The "same transaction" requirement generally means that there must be some allegation that the joined defendants "conspired or acted jointly," Tele-Media Co. v. Antidormi, 179 F.R.D. 75, 76 (D. Conn. 1998). Plaintiff's Complaint does not contain enough information to determine if all three Defendants have been properly joined in this action.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Complaint be DISMISSED without prejudice and with leave to file an Amended Complaint within twenty-one days which remedies the procedural and organizational deficiencies identified in this Report and Recommendation.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 28, 2013