UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD SATISH EMRIT,

       Plaintiff,

v.                                                                       C.A. No. 13-179-ML

AMERICAN SOCIETY OF COMPOSERS,
AUTHORS & PUBLISHERS (ASCAP), SOUND
EXCHANGE, and TUNECORE, INC.,

       Defendants.

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants', American Society of Composers, Authors & Publishers ("ASCAP") and TuneCore, Inc. ("TuneCore") (collectively "Defendants") motions to dismiss. ASCAP moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1); TuneCore moves to dismiss pursuant to Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(1), (2), (3), and (6).

I. Background

Plaintiff, acting pro se, has filed this action alleging that Defendants failed to pay Plaintiff royalties for performances of his musical compositions. The complaint alleges that Plaintiff entered into a contract with ASCAP in 2005 and with TuneCore in 2006. Plaintiff seeks an "accounting of . . . profits" for the alleged breach of the contracts. Second Amended Complaint at ¶ 1. "In the alternative," Plaintiff pleads "separate counts of negligence, common law and/or civil fraud . . . ." Id. at ¶ 2.

Plaintiff is a resident of Rhode Island. The complaint also alleges that ASCAP is a "performing rights organization" with its principal place of business in California and New York;

TuneCore is an "online distribution service [with] headquarters" in New York; and Sound Exchange is an "organization that collects royalties for recording artists and songwriters" domiciled in Washington, D.C.  The complaint alleges both diversity and federal question jurisdiction.  This is Plaintiff's third attempt at drafting the complaint.[1]

## II.  Standard of Review

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Court employs the same standard of review as on a motion pursuant to Fed. R. Civ. P. 12(b)(6).  Kodar, LLC v. United States, 879 F. Supp. 2d 218 (D.R.I. 2012).  The Court "accepts as true the well-pleaded factual allegations" and indulges all reasonable inferences in plaintiff's favor.  Id. (internal quotation marks and citation omitted).  Under Fed. R. Civ. P. Rule 12(b)(1), unlike Fed. R. Civ. P. 12(b)(6), the Court "may . . . review the evidence on record, including affidavits and depositions . . . ."  Rosario Gonzalez v. United States, 898 F. Supp. 2d 410, 416 (D.P.R. 2012).  In the end, however, Plaintiff carries the burden of showing that the Court has jurisdiction of his complaint.  Murphy v. United States, 45 F.3d 520 (1st Cir. 1995); see also Johnston v. Harleysville Insurance Casualty, C.A. No. 10-296S, 2010 WL 3782153, at *1 (D.R.I. August 31, 2010), report and recommendation adopted, 2010 WL 3782152 (D.R.I. Sept. 21, 2010) (noting that if "a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof[]") (internal quotation marks and citation omitted).879

The Court acknowledges Plaintiff's pro se status and thus reads the complaint liberally. Rodi v. Southern New England School of Law, 389 F.3d 5 (1st Cir. 2004).  Pro se litigants,

---

[1] The Court has dismissed two earlier versions of Plaintiff's complaint for procedural deficiencies.

however, are not excused from compliance with procedural rules or substantive law. Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997). While the Court must grant Plaintiff some leeway because of his pro se status, the complaint must set forth some factual basis to support the claims asserted. Ducally v. Rhode Island Department of Corrections, 160 F. Supp. 2d 220 (D.R.I. 2001).[2]

The Court first considers ASCAP's 12(b)(1) motion. ASCAP contends that the allegations in the complaint do not support either diversity or federal question jurisdiction.[3]

### III. Analysis

#### A. Federal Question Jurisdiction

Plaintiff asserts that the Court has federal question jurisdiction over this matter "because [the] proceeding involves a discussion of federal copyright law." Second Amended Complaint at ¶ 12. "More specifically," however, Plaintiff states that his "lawsuit deals with contracts that have been entered into that involve federal copyright law and the payment of performance and mechanical royalties according to licensing agreements. . . ." Id. at ¶ 13 (emphasis added). Plaintiff also alleges that his "financial interests are supposed to be protected by defendants because of contractual arrangements . . . in place" with ASCAP, TuneCore and Sound Exchange. Id. at ¶ 65.

The district courts of the United States are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." In re Olympic Mills Corp., 477 F.3d 1,

---

[2] Plaintiff, however, is not the typical pro se advocate. He advises that he is a law school graduate.

[3] As noted, TuneCore has filed a separate motion to dismiss. In addition to the grounds set forth in TuneCore's memorandum of law, TuneCore also incorporates arguments made by ASCAP in ASCAP's memorandum of law.

7 (1st Cir. 2007) (internal quotation marks and citation omitted). In addition to diversity jurisdiction, District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[N]ot every case involving federal copyright laws arises under those laws such that federal jurisdiction is proper." Woodsville Guaranty Savings Bank v. W.H. Silverstien, Inc., Civil No. 11-cv-423-JL, 2011 WL 5282654, at *2 n.2 (D.N.H. November 2, 2011). "It is settled beyond peradventure that an action does not 'arise under' the federal copyright laws merely because it relates to a product that is subject of a copyright. The question of whether the suit 'arises under' the copyright law is considerably more sophisticated." Royal v. Leading Edge Products, Inc., 833 F.2d 1, 2 (1st Cir. 1987) (citation omitted).

> [A]n 'action arises' under the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement . . . , or asserts a claim requiring construction of the Act, . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

Id. (citation omitted).

Plaintiff' alleges that ASCAP failed to pay him the royalties he is entitled to pursuant to his contract with ASCAP. Resolution of the claim asserted against ASCAP depends upon whether or not ASCAP has complied with the provisions in the contract. That determination does not require an interpretation of federal copyright law. Likewise, resolution of the claim asserted against TuneCore depends upon whether or not TuneCore has complied with the provisions in the TuneCore contract. Thus,

> [t]he claim, in its very nature and essence, [is] one for breach of contract that depend[s] in the first instance upon whether or not there has been compliance with the terms of [a] royalty agreement, and if not, what should be the effect of that

4

> noncompliance as a contractual matter. Here . . the claims asserted are in essence contractual in nature . . . .

Woodsville, 2011 WL 5282654 at *3 (internal quotation marks and citation omitted). Contractual rights arise under state law and jurisdiction lies with the state courts in an action to enforce a contract. Id. Because the matter does not arise under federal law, this Court does not have original jurisdiction under 28 U.S.C. § 1331.[4]

### B. Diversity Jurisdiction

A district court has diversity jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[D]iversity jurisdiction requires complete diversity of citizenship as between all plaintiffs and all defendants. This means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." Alvarez-Torres v. Ryder Memorial Hospital, Inc., 582 F.3d 47, 53-54 (1st Cir. 2009) (internal quotation marks and citation omitted). "For purposes of diversity, a person is a citizen of the state in which he is domiciled." Casiano Communications, Inc. v. Velazquez Pinol, 738 F. Supp. 2d 301, 304 (D.P.R. 2010) (internal quotation marks and citation omitted). A corporation is deemed to be a citizen of the state it is incorporated in and the state where it maintains its principal place of business. Toste Farm v. Hadbury, Inc., 70 F.3d 640 (1st Cir. 1995). ASCAP, however, is an unincorporated membership association organized pursuant to New York law. See Andrew Sparkler Affidavit at ¶ 2; Docket # 48-1. ASCAP's headquarters are in New York City and it has members who live in all fifty states, including Rhode Island. Id. at ¶ 3-5. "The citizenship of an unincorporated entity . . . is

---

[4]Plaintiff has not plead any claim against Sound Exchange involving a question of federal law.

determined by the citizenship of all of its members." Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006). Thus, for diversity purposes, the citizenship of all of ASCAP's members must be taken into account in determining the citizenship of ASCAP. Plaintiff is a citizen of Rhode Island. ASCAP is an unincorporated entity, some of whose members are also citizens of Rhode Island. It is therefore readily apparent that the Court lacks diversity jurisdiction over Plaintiff's state law claims.[5]

The complete diversity requirement is "imposed on a case-by-case, rather than a claim-by-claim basis. . . ." Picciotto v. Continental Casualty Co., 512 F.3d 9, 21 (1st Cir. 2008). "In cases involving multiple plaintiffs or defendants, the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action." In re Olympic Mills, 477 F.3d at 6 (emphasis added); see also Veale v. Furness, Civil No. 10-cv-147-JL, 2012 WL 359700 (D.N.H. Feb. 2, 2012) (same); Renaissance Marketing, Inc. v. Monitronics International, Inc., 606 F. Supp. 2d 201, 207 (D.P.R. 2009) (noting that under 28 U.S.C. § 1332, the "court loses its subject matter jurisdiction if any plaintiff is a citizen of the same state as any defendant"). Because there is not complete diversity between the parties, the Court does not have diversity jurisdiction over this matter. Moreover, because the Court lacks both federal question

---

[5]Plaintiff contends that ASCAP "held [itself] out to be a 'corporate entity'" and argues that the Court should view ASCAP as a corporate entity pursuant to the "'corporation by estoppel doctrine'" and the "'de facto corporation doctrine.'" Plaintiff's Response in Opposition to ASCAP Motion to Dismiss As To Second Amended Complaint at 5, 6; Docket # 52. Plaintiff bases this allegation on his "good faith beliefs" and the fact that Plaintiff "signed an IRS form W-9 with ASCAP." Id. at 5. The complaint, however, does not contain any allegations that plausibly support the claim that ASCAP held itself out to be a corporate entity. Moreover, Plaintiff has not submitted any evidence to support his allegation that ASCAP held itself out as a corporation. See generally Rodgers v. Callaway Golf Operations, Inc., 796 F. Supp. 2d 232, 237 (D. Mass. 2011) (in a 12(b)(1) motion, "plaintiff has the burden of establishing that subject matter jurisdiction exists through competent proof supported by a preponderance of the evidence").

jurisdiction and diversity jurisdiction, the complaint must be dismissed.[6]

IV.  Conclusion

For the reasons stated herein, ASCAP's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is granted.  TuneCore's motion is granted in so far as it adopts ASCAP's arguments concerning the Court's subject matter jurisdiction; it is denied as moot in all other respects.


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
August 13, 2013.

---

[6] To the extent that Plaintiff has raised any argument that the Court has not specifically addressed in this memorandum and order, that argument has been carefully reviewed by the Court and determined to be without merit.